UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE GINA CALVERT,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:24-cv-00119-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 12). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

Plaintiff argues as follows: "The ALJ failed to properly develop the record and obtain any medical opinion evidence, erroneously relying upon her own lay interpretation of the medical data." (ECF No. 12, p. 6).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

# I. ANALYSIS

## A. RFC and Failure to Develop the Record

Plaintiff ultimately challenges the RFC that the ALJ formulated for her:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently balance; occasionally stoop; frequently kneel and crouch; and occasionally crawl. She would need the option to alternate between sitting and standing every 30 minutes.

(A.R. 27).

Plaintiff argues that "the record . . . lacks an opinion that considered all relevant testing and data in evaluating the severity and limiting effects of Plaintiff's impairments" because the ALJ failed to order a consultative exam after discounting the only medical opinion (offered by Dr. Dipsia), and "the ALJ's unexplained speculation[] and the ALJ's failure to develop the record and point to substantial evidence consistent with the RFC requires remand." (ECF No. 12, pp. 7, 9). Defendant responds that a RFC need not be based on specific medical opinion, that the RFC was nonetheless partially supported by Dr. Dipsia's opinion, that the ALJ had no duty to develop the record, and that any error was ultimately harmless because the ALJ formulated an RFC more restrictive than Dr. Dipsia's opinion and Plaintiff offers nothing but speculation to show that the result would have been different. (ECF No. 16, pp. 5-8).

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). And "because it is the ALJ's responsibility to formulate an RFC that is based on the record as a whole, . . . the RFC need not exactly match the opinion or findings of any particular medical source."

*Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014).

In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted). Lastly, an ALJ has a duty to develop the record "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

As an initial matter, a consulting examination is not required in every case. *Hogan v. Kijakazi*, No. 1:20-CV-01787-SKO, 2022 WL 317031, at *10 (E.D. Cal. Feb. 2, 2022) (noting no "rule of general applicability that an ALJ must obtain an examining opinion in every case before rendering an RFC determination"). Moreover, "ALJs need not seek the opinion of a medical expert every time they review new medical evidence and make a RFC determination." *Bufkin v. Saul*, 836 F. App'x 578, 579 (9th Cir. 2021) (unpublished). Here, in formulating the RFC, the ALJ considered the record as a whole, including Plaintiff's subjective complaints, medical records, and the findings of state agency medical consultant, Dr. Dipsia.

More specifically, the ALJ addressed Plaintiff's complaints of "horrific pain" stemming from titanium rods in Plaintiff's back and her testimony, including "that she cannot sit or stand for longer than 30 minutes at a time." (A.R. 28). The ALJ noted medical records where Plaintiff complained of pain, which spanned a relatively brief time, otherwise showed normal findings, including that "she was in no acute distress, she had no focal neurological deficit, and she had normal range of motion and strength (1F/3) . . . [and] she ambulated well without any obvious discomfort or deficits (1F/3)." (A.R. 29). Moreover, the ALJ relied on an October 2022 record indicating Plaintiff "reported that she had found the 'perfect balance' with the 'perfect combination' of medicines that allowed her to be 'the active person she [had] always been'

(5F/10)" and Plaintiff "felt that she was able to be more active with work and exercise and live a mostly normal life with her current medication regimen, as the addition of tramadol had been a 'huge difference maker in the past few months' (5F/10)." (A.R. 29).

Plaintiff had no treating or examining physician offer any opinion as to her limitations. Rather, the only opinion in the record was that from Dr. Dipsia, who examined Plaintiff's records—mostly x-rays—spanning May 27, 2020 to December 1, 2021, and opined that Plaintiff was not disabled. (A.R. 64). Reviewing this opinion, the ALJ stated as follows:

> I considered the prior administrative medical finding of the state agency medical consultant, A. Dipsia, M.D., which indicates that the claimant is limited to light work with some postural limitations (1A). This is not persuasive. It is generally supported by the records that were available to the consultant, which do not provide a full picture of the claimant's limitations (*see, e.g.*, 2F/1-2, 4), but this finding is not consistent with the records received later, which are consistent with a limitation to a range of sedentary work (*see, e.g.*, 1F/1; 3F/26, 28, 35; 4F/3; 5F/6, 10-11).

(A.R. 30). The ALJ then imposed a more restrictive limitation to sedentary work than the light work recommendation from Dr. Dipsia.

Although the ALJ found Dr. Dipsia's recommendation of light work unpersuasive (instead limiting Plaintiff to sedentary work), the RFC matched other portions of Dr. Dipsia's opinion. For example, the postural limitations in the RFC (Plaintiff can frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently balance; occasionally stoop; frequently kneel and crouch; and occasionally crawl) match Dr. Dipsia's recommendations. (A.R. 27, 67). Moreover, the ALJ did not completely reject Dr. Dipsia's opinion as unsupported; rather, the ALJ found that opinion was "supported by the records that were available to the consultant." (A.R. 30).

Although the ALJ decided to include the more restrictive sedentary work limitation in the RFC based on records that Dr. Dipsia did not see, such does not render the RFC unsupported. *Maliha K. v. Saul*, No. 8:19-CV-00877-MAA, 2020 WL 2113671, at *6 (C.D. Cal. May 4, 2020) ("[T]he fact that a non-examining state agency physician fails to review the entire record does not, by itself, mean that his or her opinion cannot serve as substantial evidence."). Notably, "there is always some time lapse between a consultant's report and the ALJ hearing and decision, and

the Social Security regulations impose no limit on such a gap in time." *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020) (unpublished).

Importantly, the records that the ALJ cited to support the sedentary work restriction—*i.e.*, the records that Dr. Dipsia did not review—mostly reflect Plaintiff's complaints of pain, numbness, and tingling. (A.R. 349 (complaining of back and lumbar pain); 407 (complaining of spinal pain, numbness, and tingling); 461 (complaining of back pain)). As noted elsewhere in the ALJ's opinion, such evidence supported the more restrictive limitation to sedentary work: "Based on the totality of the claimant's symptoms, including back pain, numbness, tingling, and muscle spasms, it is reasonable that she is limited to sedentary work with some postural limitations." (A.R. 29). In short, the Court concludes that the record was not inadequate so as to trigger a duty to order a consultative exam.

As for Plaintiff's argument that the RFC is likewise unsupported because the ALJ interpreted raw medical data, as a general matter, there "is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Here, the ALJ's decision to impose greater limitations based on Plaintiff's more recent complaints of pain and other comments about that pain was within the ALJ's capability. *Chao v. Astrue*, No. 2:10-CV-01972 KJN, 2012 WL 868839, at *11 (E.D. Cal. Mar. 13, 2012) (noting that an ALJ cannot go outside record to make his own exploration and assessment of a claimant's medical condition).

Lastly, as Defendant argues, Plaintiff fails to show that the any error affected the ultimate determination that she was not disabled. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (noting that an ALJ commits harmless error where the error is inconsequential to the determination that a plaintiff is not disabled); *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) (noting that it is Plaintiff's burden to show prejudice). Plaintiff offers no opinion from a treating or examining physician assessing further functional limitations, nor does she offer any developed argument regarding what additional restrictions would be warranted. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) (rejecting challenge to RFC

determination where the claimant did "not detail what other physical limitations follow from the evidence of his knee and shoulder injuries, besides the limitations already listed in the RFC").

## II.      CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:   **August 13, 2024**                    /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE